UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**RICHARD DALE TURNER,**

    **Plaintiff,**

**v.**                                                 **Case No. 2:16-cv-04346**

**WEST VIRGINIA REGIONAL JAIL AUTHORITY, et al.,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are a Motion to Dismiss filed by defendants Holiday and Toney (ECF No. 13) and a Motion to Dismiss filed by the West Virginia Regional Jail Authority (ECF No. 16).

**PROCEDURAL HISTORY**

On May 12, 2016, the plaintiff, Richard Dale Turner, filed a Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 2). The Complaint named as defendants the West Virginia Regional Jail Authority, four correctional officers and unnamed medical staff who were employed at the South Central Regional Jail ("SCRJ"). The Complaint alleges that, on April 7, 2016, he was physically and verbally assaulted and sprayed with chemical agents by C.O. Perry, C.O. Allen, Sgt. Toney and C.O. Holiday as he attempted to speak to his wife through the section door at

the SCRJ. He further alleges that some of the physical abuse occurred after he was restrained. The plaintiff further alleges that he was subsequently denied medical treatment for his injuries and that, during this incident, personal property was stolen from his unlocked cell by other inmates.

On February 23, 2017, the undersigned granted the plaintiff's Application to Proceed Without Prepayment of Fees and Costs and ordered service of process on the defendants. Because the plaintiff is proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(d), officers of the court are responsible for issuing and serving process on the plaintiff's behalf. In accordance with Rule 4 of the Federal Rules of Civil Procedure, and incorporating Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure, the court ordered that summonses be issued for each defendant and served by the Clerk of Court by certified mail, return receipt requested and with delivery restricted to the addressee. As no other addresses were provided by the plaintiff, the court attempted to serve the individual defendants at the SCRJ, which was their apparent place of employment. However, due to no fault of the plaintiff, the Clerk neglected to check the restricted delivery box and the summonses for defendants Holiday and Toney were signed for by someone else at the jail. (ECF Nos. 11 and 12). Additionally, the summonses for defendants Perry and Allen were returned as undeliverable, presumably because those individuals are no longer employed at the South Central Regional Jail. (ECF Nos. 15 and 18).

On March 17, 2017, defendants Holiday and Toney filed their instant Motion to Dismiss (ECF No. 13) and a Memorandum of Law in support thereof (ECF No. 14), asserting that the Complaint should be dismissed because those defendants had not been properly served with process within the time period permitted under Rule 4(m) of the

Federal Rules of Civil Procedure. On March 23, 2017, the West Virginia Regional Jail Authority ("WVRJA") filed a Motion to Dismiss (ECF No. 16) and a Memorandum of Law in support thereof (ECF No. 17). The WVRJA asserts a number of bases for dismissal of the plaintiff's Complaint, the most significant of which is that the WVRJA is not a "person" that can be sued under 42 U.S.C. § 1983 and is immune from a suit for damages under the Eleventh Amendment of the United States Constitution.

On November 30, 2017, the plaintiff, having not responded to the Motions to Dismiss (but also not having been specifically ordered to do so by the court), the undersigned conducted a motions hearing and status conference. During the hearing, the plaintiff agreed to the dismissal of the WVRJA as a defendant.

The court also addressed the issues concerning service of process on the individual defendants. The undersigned stated that the failure to properly serve defendants Holiday and Toney within the Rule 4(m) period should not be held against the plaintiff and requested that counsel determine whether he could accept service on behalf of those defendants. It was subsequently determined that counsel could accept service of process on behalf of defendants Holiday and Toney, and that a waiver of service would be filed on their behalf. On January 4, 2018, the executed waivers of service by defendants Holiday and Toney were filed. (ECF Nos. 23 and 24). Accordingly, the Motion to Dismiss filed by defendants Holiday and Toney is now moot.

### RECOMMENDATION

In light of the plaintiff's agreement to dismiss the WVRJA as a defendant herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by the WVRJA (ECF No. 16). Additionally, in light of the waivers of service filed by defendants Holiday and Toney, it is respectfully **RECOMMENDED**

that the presiding District Judge **DENY AS MOOT** the Motion to Dismiss filed by defendants Holiday and Toney (ECF No. 13) and leave this matter referred to the undersigned for additional proceedings concerning the remaining defendants.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

January 9, 2018

Dwane L. Tinsley
United States Magistrate Judge