UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RICHARD DALE TURNER,

    Plaintiff,

v.                            Civil Action No. 2:16-cv-04346

WEST VIRGINIA REGIONAL JAIL
AUTHORITY, C.O. PERRY, C.O. ALLEN,
C.O. HOLIDAY, SGT. TONEY, MEDICAL
STAFF,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a motion for summary judgment, filed solely by defendants Sgt. Toney and C.O. Holiday ("Holiday"), on March 8, 2018.

This action was previously referred to United States Magistrate Judge Dwane L. Tinsley who, on November 20, 2018, submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Therein, the magistrate judge recommended the granting of summary judgment for defendant Toney and the denying of summary judgment for defendant Holiday. On November 30, 3018, defendant Holiday filed a timely objection to the PF&R on November 30,

2018.  Plaintiff has not filed an objection to the PF&R and has not responded to the defendant's objection.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'"  <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

Defendant Holiday objects on the ground that the magistrate judge "failed to address C.O. Holiday's assertion that C.O. Holiday performed no acts which would have caused injuries to plaintiff."  Def.'s Obj. 1.  In so doing, Holiday "admit[s] that issue was not as fully briefed and argued as it might or should have been, [but] it was raised and asserted in her Motion for Summary Judgment.  Therefore, that issue was preserved and should be considered."  <u>Id.</u> at 1-2.

In further support thereof, she cites <u>Quinlan v. Personal Trans. Servs. Co.</u>, 329 F. App'x. 246 (11th Cir. 2009), claiming that the plaintiff must allege and prove more than a <u>de minimus</u> injury to establish a constitutional claim.  In addition, Holiday cites 42 U.S.C. § 19997e(e), which, according to her, "imposes a limitation on recovery requiring that, before

2

there can be a compensation [for] mental or emotional injuries, there must be a showing of physical injury or a commission of a sexual act." Def.'s Obj. 2.

The conduct in question is plaintiff's allegation that he was "being walked up the hallway when CO Holiday came across the hall and chest bumped me with hers while saying 'I wish you would do something motherfucker.'" PF&R 8. The defendants state the following in their motion for summary judgment:

> Clearly, when the video is observed, that did not occur. No black female appears. No one chest bumps Plaintiff. Once leaving the hallway area of A POD prior to Plaintiff being brought to his feet and escorted down the hallway, CO Holiday does not again appear in the video.
>
> Therefore, based on the clear video evidence, CO Holiday performed no acts which would have caused injuries to Plaintiff and summary judgment should be granted in her favor.

Defs.'s Mot. Summ. J. 5. In addressing the argument, the magistrate judge noted that a review of a portion of video evidence not cited by the defendants "calls into doubt the defendants' assertion that the alleged altercation between the plaintiff and defendant Holiday could not have occurred." PF&R 9. This video footage captured the incident from a different angle in the hallway, and showed the plaintiff being escorted down the hallway, with officers surrounding him and moving toward the left-hand wall. Id. A correctional officer, "who

appears to be a black female," moves quickly across the hall from right to left toward where the plaintiff was standing.  Id. The magistrate judge concluded that "there is no obvious evidence" that the conduct alleged with respect to Holiday, a black female, "did not occur or that the plaintiff's version of the facts concerning her conduct is 'so utterly discredited by the record that no reasonable jury could have believed him.'" PF&R at 9 (citing Scott v. Harris, 550 U.S. 372, 380-81 (2007)).

It appears that Holiday seeks to raise a new argument in her objection to the PF&R, rather than address an error in the magistrate judge's findings.  Whereas in their motion for summary judgment, defendants claim that, because the video footage cited does not reveal a black female present at the scene or a "chest bump," Holiday "performed no acts which would have caused injuries to Plaintiff and summary judgment should be granted in her favor," defendant now attempts to argue that the conduct alleged does not amount to a constitutional injury.  See Def.'s Obj. 2 (citing 42 U.S.C. § 19997e(e); Quinlan v. Personal Trans. Servs. Co., 329 F. App'x. 246 (11th Cir. 2009)).  In other words, Holiday now asserts the argument that, even if she did chest bump the plaintiff, this should be considered a "de minimus" injury or emotional injury that lacks the required accompanying physical injury.  Because this argument was not

raised in the defendants' motion for summary judgment, the court will not address it herein.

Insofar as the video footage identified by the magistrate judge establishes a genuine issue of material fact with respect to the issue of whether defendant Holiday engaged in the alleged conduct in question, the court finds that the magistrate judge's PF&R adequately addressed and correctly resolved all issues presented in the defendants' motion to dismiss.

The court, accordingly, ORDERS as follows:

1. That defendant Holiday's objection to the PF&R be, and hereby is, overruled.

2. That the magistrate judge's Proposed Findings and Recommendation as to Sgt. Toney and C.O. Holiday be, and hereby are, adopted and incorporated in full.

3. That the defendants' Motion for Summary Judgment with respect to the plaintiff's claim against Sgt. Toney be, and hereby is, granted and that defendant Tony be dismissed from this action.

4. That the defendants' Motion for Summary Judgment with respect to the plaintiff's claim against C.O. Holiday be, and hereby is, denied.

5. That this matter be, and hereby is, again referred to United States Magistrate Judge Dwane L. Tinsley for additional proceedings.

The Clerk is directed to transmit copies of this memorandum opinion and order to the plaintiff, the magistrate judge, all counsel of record, and any unrepresented parties.

ENTER: March 28, 2019

John T. Copenhaver, Jr.
Senior United States District Judge