UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**RICHARD DALE TURNER,**

    **Plaintiff,**

v.                                                                              Case No. 2:16-cv-04346

**C.O. HOLIDAY,** *et al.*,

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

Summonses for C.O. Allen and C.O. Perry were issued by the Clerk on February 24, 2017, and service of the same was attempted on those defendants by certified mail, return receipt requested, at the South Central Regional Jail, their last known address. However, on March 20 and 23, 2017, respectively, the summonses for defendants Allen and Perry were returned unexecuted, indicating that they had been refused and unable to forward. The plaintiff has provided no alternative address at which to attempt service of process on these defendants.

## ANALYSIS

Although the court is charged with assisting the *pro se* pauper plaintiff with service of process under 28 U.S.C. § 1915(d), the court is not required to be an advocate for him. A prior attempt of service of process on defendants Allen and Perry was unsuccessful and the plaintiff has not provided any other alternative address where service may be attempted on them.

The court has no responsibility to continue to search for the location of these defendants in order to try to perfect service of process for the *pro se* pauper plaintiff. As noted by another Honorable Judge of this court:

> At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information – which is absent here – can the courts execute service.

*Skaggs v. Clark*, No. 3:13-cv-03293, 2015 WL 269154, *3 (S.D. W. Va., Jan. 21, 2015) (Chambers, J.); *see also Lacy v. DeLong*, No. 2:13-cv-14813, 2017 WL 6508364 *2 (Dec. 20, 2017) ("The Court is not required to continue its efforts at the behest of Plaintiff who is unable to provide the Court with any information allowing for service to be had upon [the defendant]").

Rule 4(m) of the Federal Rules of Civil Procedure states as follows:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because more than 90 days has passed without appropriate service on defendants Allen and Perry, notwithstanding attempted service on them by officers of the court at their last known address, the undersigned proposes that the presiding District

Judge **FIND** that defendants Allen and Perry have not been properly served and, thus, the claims against them are subject to dismissal under Rule 4(m).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the claims against defendants Allen and Perry, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

April 4, 2019

Dwane L. Tinsley
United States Magistrate Judge