**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**RICHARD DALE TURNER,**

      **Plaintiff,**

**v.**                                                       **Case No. 2:16-cv-04346**

**C.O. HOLIDAY,**

      **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendant C.O. Holiday's Motion to Dismiss (ECF No. 44), requesting that this matter be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**PROCEDURAL HISTORY**

The plaintiff filed the instant Complaint on May 12, 2016, while incarcerated at the Western Regional Jail. He was subsequently released from custody and provided a new address in Julian, West Virginia, on October 11, 2018. However, as noted by the defendant's motion documents, the plaintiff has made no appearance in this matter since that time. (ECF No. 45 at 1).

On March 28, 2019, the presiding District Judge issued a Memorandum Opinion and Order (ECF No. 38) adopting the undersigned's Proposed Findings and Recommendation ("PF&R") (ECF No. 36) recommending that the defendants' Motion for

Summary Judgment be granted with respect to the plaintiff's claim against Sgt. Toney, but denied with respect to the claim against C.O. Holiday. On April 4, 2019, the undersigned filed a second PF&R (ECF No. 39) recommending that the claims against C.O. Perry and C.O. Allen be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The second PF&R is pending, without objections, before the presiding District Judge. Thereafter, a limited scheduling order was entered for discovery and dispositive motions. (ECF No. 40).

On May 22, 2019, defendant's counsel noticed the plaintiff's deposition for June 4, 2019, and mailed the notice to the plaintiff's last known address. The plaintiff failed to appear for the deposition and failed to communicate with defendant's counsel in any way. (*Id.* at 2). Thus, the defendant filed the instant Motion to Dismiss on June 5, 2019.

On July 1, 2019, the undersigned entered an Order (ECF No. 46) directing the plaintiff to respond to the Motion to Dismiss by July 15, 2019. However, no response was filed. Thus, on September 26, 2019, the undersigned entered a Notice and Order to Show Cause (ECF No. 47) directing the plaintiff to demonstrate, in writing, good cause for the retention of this matter on the docket and his intent to proceed therewith, by October 28, 2019. The plaintiff was further notified that the failure to comply with the Notice and Order to Show Cause would result in the recommended dismissal of this civil action for failure to prosecute. (*Id.* at 2).

The plaintiff has failed to comply with the undersigned's Notice and Order to Show Cause and has failed to participate in this litigation in any way for over a year. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff and dismissal appears to be the only appropriate sanction.

## **RECOMMENDATION**

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendant's Motion to Dismiss (ECF No. 44) and **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

October 30, 2019

                                            Dwane L. Tinsley
                                            United States Magistrate Judge